24 So.2d 818

**STATE v. REYNOLDS.**

No. 38023.

Dec. 10, 1945.

Joseph Rosenberg, of New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., and James P. O'Connor, Jr., Dist. Atty., James G. Coulton, Asst. Dist. Atty., and Sam Monk Zelden, all of New Orleans, for appellee.

FOURNET, Justice.

The accused Robert Reynolds, having neither reserved a bill of exceptions nor filed motions for a new trial or in arrest of judgment in the lower court, is prosecuting this appeal from his conviction and sentence on a bill of information charging him with aggravated battery under Article 34 of the Louisiana Criminal Code, contending that a beer bottle, the weapon named in the information, is not a dangerous weapon within the meaning of the article of the Criminal Code and that he is entitled to have us review this matter under the provisions of Article 557 of the Louisiana Code of Criminal Procedure.

Article 557 can have no application here since the defendant is not at-

tempting to have the judgment set aside or a new trial granted on the ground of misdirection of the jury, improper admission or rejection of evidence, or as to error of any matter of pleading or procedure. In any event, his contention is not well taken for, as was pointed out in the very recent case of State v. Johnston, 207 La. 161, 20 So. 2d 741, a dangerous weapon under the codal definition is not necessarily one that can or will produce death or great bodily harm, but, rather, an instrumentality that, because of the manner in which it is used, is likely to produce death or great bodily harm.

However, a mere examination of the information reveals that it is fatally defective in that it fails to name the person upon whom the battery was committed, as specifically required by Articles 230 and 235 of the Louisiana Code of Criminal Procedure, as amended by Acts 147 of 1942 and 223 of 1944.

For the reasons assigned, the conviction and sentence of the accused are set aside and he is discharged.