STONE, Justice Ad Hoc.
The defendant, John Grider, was charged by Bill of Information with the offense of simple escape in violation of LSA-R.S. 14:110(A)(1). The jury found him guilty as charged and he was sentenced to serve five (5) years at hard labor. The defendant appeals to this court on two assignments of error regarding sentence.
*612 By assignment number one, the defendant contends that the trial judge erred in relying upon “otjher crimes” for which the defendant was neither convicted or charged.
Following defendant’s escape from Louisiana Correctional and Industrial School at DeQuincy, defendant and an escapee, Manuel Knapp, stole a truck and the two left Louisiana, abandoning the truck near Houston, Texas when it ran out of gasoline. They then stole a car and were apprehended near Flagstaff, Arizona. The theft of the truck and car constituted the “other crimes.” No threats or injury are claimed. The information in reference to “other crimes” was contained in the presentence report. The trial judge stated he knew of the theft of the truck from other sources and that the theft of the car was irrelevant to the sentencing. (Trans, pp. 3-5, 12).
At the sentence hearing, the court stressed that the theft of the truck was in evidence in the Knapp trial. (Trans, p. 13). The judge also referred to an oral statement made about the theft by the defendant, though the statement was held inadmissible at trial of defendant. It does not appear that the trial judge, in sentencing the defendant, relied entirely upon a pre-sentence investigation or report containing statements denied by defendant. He relied, at least in part, upon an oral statement of defendant himself. We find assignment of error number one to be without merit.
For assignment of error number two, the defendant claims the sentence of five years at hard labor to be excessive. We agree.
As set forth in State v. Spencer, 374 So.2d 1995, 1202 (1979):
(9,10) La. Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge’s reasons in imposing sentence, as required by La. Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sepulvado, supra.
LSA-R.S. 14:110 provides:
Whoever having been sentenced to the Department of Corrections commits the crime of simple escape shall be imprisoned with or without hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence.
The trial judge in the instant case stressed that the escape occurred only a few days after the defendant arrived at the Louisiana Correctional and Industrial School. He apparently thus concluded that defendant’s lack of disciplinary write-ups while institutionalized were due to the short time that he had been incarcerated. The trial judge sought to fully comply with the mandate of Code of Criminal Procedure Art. 894.1 and has made comments for the record which are helpful to this court on review. It is also apparent from the record that the court in question makes great effort to individualize each sentence as is mandated by Art. 894.1. The legislature obviously intended that escape from a penal institution be treated as a serious offense as it carries a. mandatory minimum sentence of two years and provides a maximum sentence of five years, thus leaving great latitude and discretion, however, for the trial judge.
The trial judge referred to this case as “the most aggravated circumstances of escape from Louisiana Correctional and Institutional School that I have been confronted with as far as sentencing is concerned.” *613 (Trans, pp. 30-21). He further stated that “given the opportunity, defendant might well leave again.” (Trans, p. 29). Thus, while the trial judge considered this case to present the most egregious circumstances he had reviewed, the case, never the less, does not represent the outer limits of egregious escape.
We believe that maximum punishment in matters such as this should be reserved for those escapes which at least approach these outer limits. Moreover, we find it difficult to discern the basis for the conclusion reached by the court concerning the defendant’s proclivity to escape a second time. It follows, therefore, that in our opinion the sentence is excessive and defendant’s sentence should be reversed and the case remanded for sentencing.
Conviction affirmed; sentence vacated and case is remanded for resentencing.
CALOGERO, J., concurs.
SUMMERS, C. J., and MARCUS and BLANCHE, JJ., dissent.