405 So.2d 829 (1981)
STATE of Louisiana
v.
Jackie R. ROGERS.
No. 81-KA-0306.
Supreme Court of Louisiana.
September 28, 1981.
*830 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William E. Tilley, Dist. Atty., Mark H. Kramar, Asst. Dist. Atty., for plaintiff-appellee.
Elvin C. Fontenot, Jr., and John H. Skaggs, Lusville, of Indigent Defender Office, for defendant-appellant.
CALOGERO, Justice.[*]
Defendant Jackie R. Rogers was charged with ten counts of simple burglary and ten counts of theft under R.S. 14:62 and R.S. 14:67 respectively. Following a plea bargaining agreement, defendant entered a guilty plea to three counts of simple burglary and three counts of theft and the state dismissed the remaining counts of burglary and theft. Defendant waived his right to a pre-sentencing hearing. The trial judge, after reviewing the pre-sentence investigation report, sentenced the defendant to nine years at hard labor for one count of simple burglary to run consecutively with concurrent terms of six years for the other two burglary counts. This latter term at hard labor is to be suspended on Rogers' paying the court costs and making restitution following his release from prison. For the three counts of theft, Rogers was sentenced to four years at hard labor to run concurrently with the nine year sentence for burglary.[1]
*831 On appeal, defendant argues two assignments of error: (1) the sentence imposed by the trial court is excessive; (2) the defendant was deprived of his presumption of innocence and thereby of due process of law. We find no merit to either of these assignments.
Statutorily each of the three counts of burglary exposed the defendant to twelve years at hard labor. One count of theft of property over $100 but under $500 carried with it a maximum of two years' imprisonment with or without hard labor. Each of the two counts of theft of property over $500 exposed the defendant to ten years at hard labor. The sentence actually imposed by the trial judge consists of a possible nine years at hard labor. Nonetheless, and even though it falls within the legislatively authorized limits, this Court may review a sentence for excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979).
Defendant argues principally that his sentence is excessive when compared with the sentences imposed by the same judge on his two co-defendants. There is nothing in the law that requires that a sentencing judge treat co-defendants equally. To the contrary, in State v. Sepulvado, supra at 766, we noted
In providing a wide range of criminal sanctions for violations of a statute, the legislature obviously intends that the judge shall exercise his sentencing discretion to impose sentences gradated according to the individualized circumstances of the offense and of the offender.
In tailoring the sentence to the individual, a variety of factors are to be considered by the judge, including the history, needs, and nature of the particular defendant. See State v. Jackson, 360 So.2d 842, 844 (La. 1978). Furthermore, the Code of Criminal Procedure provides guidelines for the judge to use in determining an individual's sentence, which include consideration of mitigating and aggravating circumstances. Likewise the trial judge is required to state for the record both these considerations and the factual basis for his sentencing decision. See La.C.Cr.P. art. 894.1. Defendant asserts that there were no aggravating circumstances to warrant his receiving a sentence more severe than that of his co-defendants.
In stating his reasons for the sentence, the trial judge noted the defendant's relatively young age (26), the possible influence and provocation from his wife, his good family background, and the fact that no physical violence befell any of the victims. On the other hand, the judge considered the defendant's greater involvement in the crimes than the other defendants; his prior conviction for a similar offense in another parish and consequent jail time; the community's hostility and growing concern over increasing crime, and the legislature's recently raising the maximum penalty for burglary. The trial judge concluded that the defendant was in need of correctional treatment, and that based on the multiplicity of the offenses, a lesser sentence than the one he imposed would deprecate the seriousness of the defendant's offenses. The reasons given by the judge show not only that the sentencing guidelines were followed but that his was a studied rather than an arbitrary decision.
In support of his second assignment of error, defendant argues in brief that the trial judge allowed the other seven counts in the bills of information to influence his sentencing for the three counts to which defendant pleaded guilty. Clearly, the judge may have done so, for he stated:
Mr. Rogers, for a number of reasons, your case seems to be more serious than the others. According to the [pre-sentence investigation] report, you admitted involvement in more than the others.... In your case, although you have entered a *832 plea to only Counts One, Two and Three, it's my appreciation that you were involved in a total of ten. Now, you're not being charged with that, but I haveI take that sort of thing into consideration, you see. Yours is more serious for an additional reasonfor additional reasons, and one of which is that you have already been convicted in Beauregard Parish of a similar offense.
However, such consideration is not improper. La.C.Cr.P. art. 875 provides
...In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education and personal habits.
See State v. Knapp, 378 So.2d 911 (La.1979) and State v. Grider, 380 So.2d 611 (La.1980). Defendant's counsel had access to the information contained in the pre-sentence report; the judge discussed the contents with him. There is no allegation that the trial judge was using false information. This assignment lacks merit.

Decree
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[*] Judges Edmond L. Guidry, Jr. and G. William Swift, Jr., Court of Appeal, Third Circuit and Judge Robert J. Klees, Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack Crozier Watson and Harry T. Lemmon.
[1] Count 1 nine years at hard labor to run consecutive with any other sentence imposed and this sentence not to be suspended.

Counts 2 & 3 concurrent terms of six years at hard labor on each count to begin running after sentence is served on Count 1. These six year sentences were suspended and defendant was placed on 5 years supervised probation to begin after defendant serves the sentence imposed under count one, with the following special conditions:
1) He violates no criminal law or statute whether felony or misdemeanor;
2) He makes restitution to the victims named in counts one through ten, each in the sum of $300.00 in payments of $100.00 each month beginning 60 days after release from prison, payment to be made to the probation officer.
Defendant was also sentenced to pay the costs of court incurred in the proceedings within 90 days of his release from prison.
Counts 1-3 concurrent terms of four years at hard labor on each of the three counts, to be served concurrently with any other sentence imposed and particularly with the sentence of 9 years at hard labor ...