485 So.2d 117 (1986)
STATE of Louisiana, Appellee,
v.
Keith T. TAYLOR, Appellant.
No. 17560-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
*118 Sharp & McVea by Robert W. Sharp, Jr., Ruston, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, John C. Blake, Dist. Atty., John Michael Ruddick, Asst. Dist. Atty., Haynesville, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
JASPER E. JONES, Judge.
Defendant, Keith T. Taylor, was charged by bill of information with aggravated battery in violation of LSA-R.S. 14:34. A jury found defendant guilty as charged. The trial judge sentenced defendant to serve three years at hard labor and a fine of $5,000.00. Defendant appeals his conviction and sentence relying on three assignments of error. We affirm.
On the evening of January 19, 1985, Eddie Joe Stratton, the victim, was in the Junior Food Mart in Junction City, Louisiana, making a purchase. Defendant, accompanied by his wife and friends, drove up and parked in front of the store. Defendant's cousin, who also occupied the car, entered the store and struck Mr. Stratton, resulting in a fight with Mr. Stratton. Upon observing the fight, defendant and his companion, Miles Linder, entered the store and became involved in the altercation. Testimony at trial revealed that defendant's cousin and Miles Linder held Mr. Stratton down while defendant repeatedly kicked Mr. Stratton in the face and about the head.

ASSIGNMENTS OF ERROR NO.'S 1 & 2
Defendant contends the verdict was contrary to the law and evidence because no dangerous weapon was used in the incident. Defendant avers that no dangerous weapon was introduced into evidence and there was no proof of the use of such a weapon. We disagree. LSA-R.S. 14:34 defines aggravated battery as "a battery committed with a dangerous weapon." LSA-R.S. 14:2 defines a dangerous weapon as "any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." This definition contemplates the "use of some inanimate instrumentality" as a dangerous weapon. State v. Calvin, 209 La. 257, 24 So.2d 467 (1945); State v. Bonier, 367 So.2d 824 (La. 1979). The dangerousness of the instrumentality by reason of the manner in which it is used is a question of fact for the jury to decide. State v. Murff, 215 La. 40, 39 So.2d 817 (1949). The term dangerous weapon is not limited to those instrumentalities which are inherently dangerous, but includes any instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm. State v. Reynolds, 209 La. 455, 24 So.2d 818 (1945); State v. Bonier, supra.
In the instant case, the alleged dangerous weapon was a tennis shoe. Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33. Defendant argues that a tennis shoe mitigates a blow from the foot and, therefore, cannot be considered a dangerous weapon. We disagree.
There is evidence in the record developed by defendant's attorney in his attempt to establish the dangerous propensities of the victim, that the victim while wearing tennis shoes in an earlier altercation, kicked the teeth out of one Billy Neal. The victim received jail time for kicking out Billy *119 Neal's teeth and was sued by Billy Neal. No doubt a foot shielded and protected by the tough rubber soles found on today's tennis and jogging shoes could kick a victim in the head with such force as to destroy his eye, break his nose, fracture his skull and injure his brain, just as the victim here knocked out the teeth from Billy Neal's mouth.
The clerk on duty at the Junior Food Mart on the night of the accident and two independent eye witnesses testified that defendant was kicking and stomping the victim in the face and about the head while defendant's cousin and Miles Linder held the victim down. Common sense dictates that death or great bodily harm is calculated or the likely result. The witnesses further testified that the victim was bleeding profusely from his nose and mouth. There was ample evidence in this record for the jury to find that the defendant used his shoes in a manner calculated to produce great bodily harm. We conclude that a tennis shoe, used in this manner, is a dangerous weapon for the purpose of aggravated battery.
Defendant argues that the verdict was contrary to the law and evidence because no tennis shoe was introduced into evidence and there was no proof of the use of a tennis shoe.
The constitutional standard of review for the sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). Where circumstantial evidence is used to prove the commission of an offense, LSA-R.S. 15:438 mandates that: "Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This statutory rule is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test wherever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984); State v. Eason, 460 So.2d 1139 (La.App.2d Cir.1984). Ultimately, the Jackson standard is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, supra; State v. Sutton, 436 So.2d 471 (La.1983). The statutory rule provides an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. Exclusion of every reasonable hypothesis of innocence is a component of the more comprehensive reasonable doubt standard when circumstantial evidence is used to convict. Therefore, although the statutory rule may not establish a stricter standard of review than the more general reasonable juror's reasonable doubt formula, it does emphasize the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of the circumstantial evidence. State v. Chism, 436 So.2d 464 (La.1983); State v. Eason, supra.
In the instant case, defendant's contention that the verdict was contrary to the law and evidence because the state failed to introduce the tennis shoe into evidence or to prove that a tennis shoe was used lacks merit. The defendant's wife, who was in the car with him when they arrived at the store and observed him as he entered the store where the fight was in progress, testified her husband had on shoes on this occasion but she could not remember if they were tennis shoes or not. One of the eyewitnesses testified that the victim "had tennis shoe marks all over his face" after the incident. After describing defendant's extensive facial lacerations another eye witness testified "and he had a very definite print on the left hand side of his face looked like he had been stomped by some type of shoe that had squares on the sole." Another witness testified that defendant *120 was kicking and stomping the victim in the face. Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant stomped the victim about the head and in the face and was wearing tennis shoes or some other type of shoes.
Defendant further contends the verdict was contrary to the law and evidence because he entered the Junior Food Mart Store to defend his cousin and his actions, therefore, constituted self defense and/or defense of others. Defendant points out that the victim admitted being involved in ten prior fights, one wherein he shot this defendant, and another where he kicked a man's teeth out.
Applying the Jackson, supra standard to this argument, we conclude that a rational juror could have found beyond a reasonable doubt that the defendant's conduct did not constitute self defense or defense of others. LSA-R.S. 14:19 provides in pertinent part:
"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense ..." [emphasis added]
LSA-R.S. 14:22 provides in pertinent part:
"It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person."
LSA-R.S. 14:21 provides in pertinent part:
"A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict."
Testimony at trial indicates that it was defendant's cousin who threw the first punch and while this scuffle was in progress, defendant and Miles Linder intervened and proceeded to beat the victim severely. Two eye witnesses who were in the store and only a few feet from the victim at the outset of the encounter and throughout the altercation testified the first blow was struck by defendant's cousin with no provocation by the victim. These two witnesses and another who entered the store during the fight, testified the defendant, his cousin, and their friend Miles, held the victim on the floor and beat him. There is no testimony from anyone in the store that lends the slightest support to the self-defense or defense of another contention of the defendant. The testimony clearly negates the use of reasonable force by the defendant in his own defense or in defense of his cousin. This argument, therefore, lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defendant appeals his three year sentence at hard labor as excessive and in violation of Article 1, § 20 of the La.Const. of 1974. Defendant contends his sentence is excessive because the record is devoid of his dangerous propensities, no pre-sentence report was ordered, and his co-defendants were treated more leniently. We disagree.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless *121 imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ den., 438 So.2d 1112 (1983).
The sentencing guidelines of LSA-C. Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
Although a pre-sentence report may be ordered by the court, it is not a right of the accused and is not mandatory. LSA-C. Cr.P. art. 875; State v. Ray, 423 So.2d 1116 (La.1982); State v. Keleman, 444 So.2d 1328 (La.App. 2d Cir.1984), writ denied, 447 So.2d 1069 (La.1984). Further, the sentencing judge is not required to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La.1981); State v. McLeland, 456 So.2d 633 (La.App. 2d Cir.1984), writ denied, 461 So.2d 312 (La.1984). The disparity of sentences between co-defendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982).
The record reflects that the sentencing judge adequately considered the factors enumerated in LSA-C.Cr.P. art. 894.1 in imposing this sentence. The penalty for aggravated battery is imprisonment for not more than ten years, with or without hard labor, or a fine of not more than five thousand dollars, or both. In imposing a sentence of three years at hard labor and a five thousand dollar fine, the trial judge found that defendant's conduct caused serious bodily harm, there were no grounds tending to excuse or justify defendant's conduct, defendant has a prior felony, but that he had led a law abiding life for a substantial period of time before the commission of this offense. The trial judge further found defendant is not likely to respond affirmatively to probationary treatment and imprisonment would not entail any excessive hardship to him or his dependents. The trial judge felt that there was an undue risk that during the period of a suspended sentence or probation the defendant would commit another crime because defendant would likely encounter the victim in some future public place. The record established a prior serious altercation at the victim's home between the defendant and the victim wherein the victim fired four shots into the ground in front of the advancing defendant before shooting the defendant in the stomach allegedly to protect the victim and his family. The evidence established the victim feared the defendant because when the defendant drove up in front of the store the victim immediately asked the storekeeper to call the police. The trial judge believed defendant to be in need of correctional treatment which could best be provided by commitment to an institution because defendant has a prior felony and must be taught that he cannot administer a physical beating to one he does not like. Finally, the trial judge felt a lesser sentence would deprecate the seriousness of the crime because the defendant committed a serious crime in a public place.
We do not find defendant's sentence to be excessive. The sentence imposed is less than one-third of the maximum and this is defendant's second felony. The trial judge adequately complied with the LSA-C.Cr.P. art. 894.1 guidelines in imposing the sentence.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.