527 So.2d 542 (1988)
STATE of Louisiana
v.
Austin CLARK.
No. CR87-911.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
D. Randy Wagley, Opelousas, for defendant-appellant.
Morgan Goudeau, Dist. Atty., Opelousas, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Austin Clark, was charged by bill of information with aggravated battery, a violation of La. R.S. 14:34. On March 23, 1987, a jury found defendant guilty as charged. The trial judge sentenced defendant to three years at hard labor.

*543 FACTS
On September 13, 1986, between 10:30 p.m. and 11:00 p.m., Katrina Breaux, her sister, Maxie Pierre, and her aunt, Brenda Manual, were assembled outside Papa Jack's Bar in Sunset, Louisiana. The defendant arrived and got into an altercation with Maxie Pierre. The defendant struck Pierre behind the head with his hand and then picked up a metal sign post approximately four feet in length and threw it at Pierre. Pierre was then whisked away by her aunt to the safety of a nearby home. Once Pierre was out of defendant's reach, he turned on Katrina Breaux. Breaux tried to flee but defendant threw the sign post at Breaux striking her in the leg and knocking her to the ground. Thereafter, defendant stood over Breaux and struck her in the face with the sign post. Witnesses testified that Breaux was unarmed and in no way provoked defendant.
Defendant's version is that Katrina Breaux first attacked him with the sign post but he managed to take the sign post away from her. He testified that he threw the post at Breaux as she fled, not out of fear, but because he wanted to "get his licks in." The defendant admitted punching Breaux about the face with his fists, but denied striking Breaux with the sign post after he had knocked her to the ground.
On appeal, defendant urges that the jury erred in finding him guilty of aggravated battery. Specifically, defendant argues that the metal sign post was not a dangerous weapon. Further, he argues that his actions were not calculated nor likely to cause death or great bodily harm.
La. R.S. 14:34 defines aggravated battery as "a battery committed with a dangerous weapon". Dangerous weapon is defined as "any gas, liquid or other substance or instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm". La. R.S. 14:2(3).
Our brethren of the Second Circuit expounded upon the statutory definition of dangerous weapon in State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986), stating:
"... This definition contemplates the "use of some inanimate instrumentality" as a dangerous weapon. State v. Calvin, 209 La. 257, 24 So.2d 467 (1945); State v. Bonier, 367 So.2d 824 (La.1979). The dangerousness of the instrumentality by reason of the manner in which it is used is a question of fact for the jury to decide. State v. Murff, 215 La. 40, 39 So.2d 817 (1949). The term dangerous weapon is not limited to those instrumentalities which are inherently dangerous, but includes any instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm. State v. Reynolds, 209 La. 455, 24 So.2d 818 (1945); State v. Bonier, supra."
The U.S. Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) set forth the standard for determining whether sufficient evidence is presented to support a conviction, i.e., whether any rational fact finder, viewing the evidence in light most favorable to the prosecution, would conclude that the defendant committed the crime charged, beyond a reasonable doubt.
It is unclear from the record whether the jury convicted defendant of aggravated battery based upon defendant's admission that he threw a metal sign post at Katrina Breaux striking her in the leg or upon the testimony of Katrina Breaux that defendant stood over her and struck her in the face with the metal sign post. For this reason, we will treat each situation separately.
Defendant contends that the throwing and striking of someone with a metal sign post is not calculated nor likely to produce the type of bodily injury described in La. R.S. 14:34.1.[1] We disagree.
Defendant admitted at trial that he did in fact throw the metal sign post at Katrina Breaux striking her in the leg and knocking her to the ground. Without doubt, a metal sign post thrown at someone, *544 with sufficient force, could break the victim's back, crush his leg, fracture his skull or otherwise cause death or great bodily harm. Fortunately, in this case the victim did not receive serious injury despite being hit by the sign post. There was ample evidence in the record for the jury to find that defendant used the metal sign post in a manner to produce great bodily harm. We conclude that a metal sign post, used in this manner, is a dangerous weapon, as contemplated by La. R.S. 14:34.
Defendant next contends that should this court rely on the testimony of Katrina Breaux that defendant struck her in the face with the metal sign post, he did not intend to cause death or great bodily harm as is manifested by the minor injury to the victim's forehead.
Katrina Breaux testified that the defendant threw the sign post at her sister, and that when her sister got away, the defendant came after her with the metal sign post. Breaux testified that she fled and that the defendant threw the sign post at her, striking her on the leg and knocking her down. Breaux further testified that the defendant advanced upon her and struck her in the face with the iron post, causing a cut over her eyebrow. Breaux was taken to the University Medical Center where the cut was sutured.
Maxie Pierre, the victim's sister, and Brenda Manuel, the victim's aunt, testified that when they came out of the house, the defendant was standing over Katrina Breaux with a "piece of iron" in his hand, and that Breaux was bleeding from her forehead.
In keeping with our previous analysis, we conclude that it is of no moment that defendant did not actually cause the victim death or great bodily harm. Rather, it is the likelihood that such result could have occurred. Accordingly, a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could, on the basis of the testimony of Breaux, Pierre and Manuel, conclude that the defendant struck Breaux in the face with a pipe and committed a battery upon her with a dangerous weapon.
For the foregoing reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.
NOTES
[1] Defendant argues that the definition of serious bodily harm found in La. R.S. 14:34.1 should be used by analogy in this case since there is no statutory definition for great bodily harm.