WILLIAMS, Judge.
hThe defendant, Thomas H. Critton, was charged by bill of information with one count of sexual battery, a violation of LSA-R.S. 14:43.1, and one count of attempted sexual battery, a violation of LSA-R.S. 14:27 & 14:43.1. After a jury trial, defendant was found guilty as charged. The trial court adjudicated the defendant a fourth felony habitual offender and imposed a sentence of 50 years at hard labor without benefit of parole, probation, or suspension of sentence for the offense of sexual battery. The trial court sentenced defendant to serve five years hard labor without benefits for the attempted sexual battery conviction, with the sentences to run concurrently. Defendant’s timely motion to reconsider sentence was denied. Defendant appeals his sentences *877 as excessive. For the following reasons, we affirm.
FACTS
On the evening of January 24, 2005, defendant went to the home of his aunt, who allowed him to sleep on the kitchen floor because he was too intoxicated to drive home. After everyone had gone to bed, the 43-year-old defendant approached his 17-year-old female cousin, C.S., who was sleeping on one of the couches in the living room. C.S. testified that during the night, defendant entered the living room, climbed on top of her, pulled her shorts to the side and then she could feel defendant’s penis against her vagina. C.S. stated that although her 23-year-old sister, A.S., was sleeping on the other couch in the living room, she did not cry out because she knew defendant to be violent when intoxicated. C.S. testified that this sexual contact occurred without her consent.
A.S. awoke to see defendant on top of C.S., but testified that she was 12also afraid of defendant because she knew he could be violent when drunk and because he was much bigger than her. After defendant left C.S., he approached the couch where A.S. was lying and he began touching her thigh near her pubic area. A.S. testified that she kicked him until he stopped and that she did not consent to defendant’s touching.
The next day, C.S. was taken to the hospital for a sexual assault examination, and the physical evidence was delivered to the North Louisiana Criminalistics Laboratory (“N.L.C.L.”) for analysis. The police interviewed defendant and a buccal swab from defendant was taken to N.L.C.L. Kelly Langley, a forensic biologist with the N.L.C.L., testified that the combination of DNA found in the vaginal washings of C.S. was 25.1 million times more likely to be that of C.S. and the defendant than C.S. and any other unknown male in existence.
Defendant was charged with sexual battery of C.S. and attempted sexual battery of A.S. A jury found defendant guilty as charged and the trial court adjudicated the defendant a fourth felony offender. Defendant was sentenced to serve 50 years at hard labor without benefit of parole, probation, or suspension of sentence for the offense of sexual battery and to serve five years at hard labor without benefits for the attempted sexual battery conviction, with the sentences to run concurrently.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the court abused its discretion in sentencing him without sufficiently considering his background.
pin reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The articulation of the factual basis for a sentence is the goal of Article 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.06/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family *878 ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 04-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are Lviewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.03/01/00), 754 So.2d 392, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385. The trial court shall exercise its sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710.
LSA-R.S. 14:43.1(0 provides that the sentence for sexual battery is imprisonment, with or without hard labor, for not more than 10 years without benefit of parole, probation, or suspension of sentence. Pursuant to LSA-R.S. 14:43.1 and 14:27(D)(3), the sentence for attempted sexual battery is imprisonment, with or without hard labor, for not more than five years without benefit of parole, probation, or suspension of sentence. Thus, according to LSA-R.S. 15:529.l(A)(l)(c)(i), the sentencing range for defendant as a fourth felony offender convicted of sexual battery was 20 years to life without benefit of parole, probation, or suspension of sentence. Therefore, a sentence of 50 years for sexual battery falls within the mi-drange of sentence that the trial court could have imposed.
Prior to imposing sentence in the present case, the trial court noted |5that the defendant was a fourth felony offender based upon his prior convictions for second offense possession of marijuana, illegal possession of stolen things, and simple burglary. Applying the sentencing guidelines of Article 894.1, the trial court found that there was an undue risk of defendant committing another crime if given a suspended sentence or probation, that defendant was in need of correctional treatment that could be provided at an institution and that a lesser sentence would deprecate the seriousness of the defendant’s crimes. Thus, the record indicates that the trial court was cognizant of the sentencing criteria of Article 894.1.
In imposing hard labor sentences of 50 years for sexual battery and 5 years for attempted sexual battery, the trial court considered the factual circumstances of this case, finding that the defendant’s acts of sexually exploiting his young female cousins were “unconscionable.” Although defendant asserts in his brief that the court should have considered his age, personal history and employment in imposing sentence, he does not specify any factors which may have persuaded the court to impose a less severe sentence. However, through the evidence presented, the trial *879 court was aware that defendant took advantage of his aunt’s kindness in order to commit his crimes against family members.
After reviewing the record, we conclude the trial court provided adequate reasons for imposition of these sentences, which are within the sentencing range for the offenses of conviction. The sentences imposed are justified by the record and are neither grossly disproportionate to the seriousness of the offenses, nor shocking to the sense of justice. There is no | fishowing that the trial court abused its discretion in sentencing this defendant. Thus, we cannot say that the sentences are constitutionally excessive. The assignment of error lacks merit.

Error Patent

In reviewing the record for error patent, we note that at sentencing the trial court improperly advised defendant that “you have two years to file” an application for post-conviction relief. Pursuant to LSA-C.Cr.P. art. 930.8, the defendant should have been advised, and by way of this court’s opinion is hereby advised, that any application for post-conviction relief must be filed within two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.