979 So.2d 643 (2008)
STATE of Louisiana, Appellee
v.
Clavin BIRCH, Appellant.
No. 43,119-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*645 Louisiana Appellate Project by Peggy Sullivan, Monroe, for Appellant.
Walter E. May, Jr., District Attorney, H. Russell Davis, Kenneth P. Haines, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the Second Judicial District Court, Parish of Bienville, State of Louisiana, where the defendant, Clavin Birch, was convicted of armed robbery with a firearm. The conviction was affirmed on appeal; however, the original sentence was reversed and remanded for resentencing. On remand, Birch was sentenced to 25 years at hard labor without benefit of parole, probation or suspension of sentence on the conviction for armed robbery, a violation of La. R.S. 14:64. Birch was also sentenced to 5 years' imprisonment without the benefit of parole, probation and suspension of sentence under the enhancement provisions of La. R.S. 14:64.3 to be served consecutively. For the following reasons, we affirm.

FACTS
On the afternoon of June 20, 2005, while working at a local convenience store in Ringgold, Louisiana, Janice Flowers became the victim of an armed robbery. According to her, two men approached the counter and stole money, cigarettes and cigars while one man stayed at the door. She explained that at least two men were armed with handguns. Two of the men pled guilty while the third man, Clavin Birch, proceeded to trial. Birch was convicted by a jury of armed robbery with a firearm. The trial court originally sentenced him to serve 30 years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence. An appeal followed in which Birch complained that: the evidence was insufficient to support his conviction for armed robbery with a firearm; the trial court erred in denying his motion to suppress his pretrial identification by one of the victims; and, the sentence imposed by the trial court was excessive. This court, in State v. Birch, 41,979 (La.App. 2d Cir.05/09/07), 956 So.2d 793, affirmed the conviction, but vacated the sentence and remanded for resentencing because the sentence imposed by the trial court was indeterminate. This court stated:
In the instant case, the jury found the defendant guilty as charged of armed robbery with a firearm, but the trial court did not specify what portion, if any, of the defendant's 30-year sentence was imposed under La. R.S. 14:64.3. . . . Therefore, we vacate the sentence and remand for resentencing according to law for clarification of whether the defendant's sentence includes any additional punishment under La. R.S. 14:64.3. The trial court is instructed to consider State v. Williams, XXXX-XXXX (La.App. 1st Cir.03/28/02), 815 So.2d 378, writ denied, XXXX-XXXX (La.05/09/03), 843 So.2d 388, noting that, at the time the defendant's sentence was imposed, La. R.S. 14:64.3 did not provide for the enhanced *646 penalty to be served at hard labor.
On remand, the trial court sentenced Birch to 25 years' imprisonment at hard labor without the benefit of parole, probation and suspension of sentence on the armed robbery conviction and to 5 years' imprisonment without the benefit of parole probation and suspension of sentence under the enhancement provisions of La. R.S. 14:64.3.[1] Birch now appeals.

DISCUSSION
In his sole assignment of error, Birch argues that the sentence imposed is excessive because it greatly exceeds the sentences imposed on the co-perpetrators of the offense who received less harsh sentences under plea agreements with agreed upon sentences. He also argues that the trial court's statement in support of his sentence that he had refused to take responsibility for his actions indicates an intent to punish him for exercising his right to trial.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App. 2d Cir.01/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.03/11/05), 896 So.2d 57, 2004-2380 (La.06/03/05), 903 So.2d 452.
Secondly, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.04/02/97), 691 So.2d 864.
There is no requirement that co-defendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). A reviewing court may consider disparity of sentences between co-defendants when there is no reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982); State v. Jackson, 30,473 (La. App. 2d Cir.05/13/98), 714 So.2d 87, writ denied, XXXX-XXXX (La.11/06/98), 727 So.2d 444. Furthermore, disparity in sentences is only one factor to be considered along *647 with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, the reviewing court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La.App. 2d Cir.08/20/03), 852 So.2d 1162, writ denied, XXXX-XXXX (La. 12/17/04), 888 So.2d 858.
The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, XXXX-XXXX (La.06/21/02), 820 So.2d 518. At the time of the offense, June 20, 2003, La. R.S. 14:64(B) provided, as it does now, the penalty for armed robbery which reads as follows:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
In addition, La. R.S. 14:64.3 provided that an offender convicted of the crime of armed robbery when the dangerous weapon used in commission of the crime was a firearm shall be imprisonment for "an additional period of five years."
At the original sentencing hearing the trial court considered the pre-sentence investigation report and a victim impact statement which the victim read aloud in court. The victim relayed that Birch's conduct had caused her to suffer a fear of people and public places and, thus, she had been unable to return to work. She also indicated that she had to seek therapy as a result of the incident. As to the pre-sentence investigation report, the trial court noted a letter from Birch which stated that he "refused to take responsibility for his actions." In it, Birch expresses his belief that he should not have been found guilty but added that he harbored no illfeelings towards the court. Birch was 18 years old at the time of this offense and had a limited criminal history.
At the resentencing hearing, the trial court noted various aggravating factors under La. C. Cr. P. art. 894.1, including Birch's use and discharge of a dangerous weapon in the commission of the offense, the threats of violence in the commission of the offense, the attempt to influence the victim's identification of the defendant in an attempt to affect the outcome of the criminal proceedings, the damage caused to the victim and Birch's role as organizer in the commission of the crime. On appeal, Birch does not question the presence of these factors with the exception of his role as the ring leader, which he claims could only have come from his co-defendants' self-serving testimony. As to the other factors, Birch argues only that the same factors were present with regard to his co-defendants who received lesser sentences.
The co-defendants reached plea deals with agreed sentences in exchange for their testimony against Birch. As this court stated in State v. Gatti, 39,833 (La. App. 2d Cir.10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.04/17/06), 926 So.2d 511, the co-defendants making the plea agreements are entitled to reap the benefits of the bargain, not the defendant. Birch is unable to show that there is no reasonable basis in the record for the disparity in sentencing imposed on him versus his co-defendants.
Nor is Birch's argument that the trial court punished him for exercising his right to a trial by jury persuasive. The trial court's reference to Birch's failure to take responsibility for his actions was clearly a *648 reference to the post-conviction letter written by Birch, which is a part of the record, where he failed to accept any responsibility for the offense. The defendant's letter detailing his denial of responsibility can be regarded as a lack of remorse, and lack of remorse is a proper sentencing consideration. State v. Robinson, 33,921 (La.App. 2d Cir.11/01/00), 770 So.2d 868.
Contrary to Birch's assertion, the record supports the sentence imposed. The trial court imposed a lower-range sentence of 25 years at hard labor without the benefit of parole, probation or suspension of sentence on the armed robbery conviction and an additional 5 years without benefit of parole, probation, or suspension of sentence, a mandatory addition to the armed robbery sentence under La. R.S. 14:64.3. As stated above, the sentencing range for armed robbery is not less than 10 years and not more than 99 years at hard labor without benefits. Based on Birch's criminal and work history, the facts surrounding this offense, and the impact on the victim, the trial court did not abuse its discretion in sentencing this defendant. While Birch points to the fact that the trial court failed to list any mitigating factors, we note that Birch did not do so either. Accordingly, the sentence imposed does not shock the sense of justice and is, therefore, not constitutionally excessive.

CONCLUSION
For the foregoing reasons, Clavin Birch's sentence and conviction are affirmed.
AFFIRMED.
NOTES
[1] At the resentencing hearing the trial court originally stated that the enhanced sentence of 5 years' imprisonment imposed under La. R.S. 14:64.3 was to be served at hard labor. Subsequently, the trial court amended the sentence to eliminate the hard labor condition pursuant to the statute at the time of the offense. The term "hard labor" was added to the sentencing clause of La. R.S. 14:64.3 by Act 208, 2006, which became effective on June 2, 2006  after the instant offense.