**STATE OF LOUISIANA**               *        NO. 2021-KA-0083

**VERSUS**                           *

                                              **COURT OF APPEAL**
**CHARLES CARTER**                   *
                                              **FOURTH CIRCUIT**

                                     *
                                              **STATE OF LOUISIANA**

                          * * * * * * *


APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 520-023, SECTION "A"
Honorable Laurie A. White, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Kevin Vincent Boshea
ATTORNEY AT LAW
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002


       COUNSEL FOR DEFENDANT/APPELLANT


Jason Rogers Williams
DISTRICT ATTORNEY
G. Benjamin Cohen
Chief of Appeals, DISTRICT ATTORNEY
Brad Scott
Adele Krieger
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119


       COUNSEL FOR APPELLEE/STATE OF LOUISIANA

                                              **AFFIRMED**
                                              **JUNE 9, 2021**

This is Charles Carter's second appeal, wherein he seeks review of his sentence.  For the following reasons, we affirm the sentences.

**FACTUAL AND PROCEDURAL HISTORY**

The facts and procedural history of this case are set forth in the opinion rendered by this Court in the prior appeal.  *See State v. Carter,* 2018-0072 (La. App. 4 Cir. 10/10/18), 257 So.3d 776, *writ denied,* 2018-1817, 268 So.3d 1030 (La. 4/29/18) and *writ denied,* 2018-1836, 268 So.3d 1032.  In summary, the defendant was convicted of the armed robberies of Valon May (Count 16), Sandford Kaynor (Count 4) and Mary Cowan (Count 9); the second degree murder of Valon May (Count 14); and the attempted second degree murder of Sandford Kaynor (Count 5).

Initially, Defendant was sentenced to ninety-nine years at hard labor without benefits on each armed robbery conviction (Counts 4, 9, 16), plus an additional five years firearm enhancement (La. R.S. 14:64.3) on each of those counts; to life imprisonment with parole eligibility after thirty-five years for second degree

1

murder (Count 14); and to fifty years without benefits for attempted second degree murder (Count 5).  The sentences were ordered to be served consecutively.

In the first appeal, this Court affirmed Defendant's convictions.  *Carter*, 2018-0072, p. 1, 257 So.3d 776, 780.  This Court further remanded the case for re-sentencing, ordering the trial court to delete the restrictions on parole eligibility on the armed robbery convictions (Counts 4, 9, and 16) and to designate Defendant as parole eligible on those counts.  *Id*., 2018-0072, pp. 1, 38, 257 So.3d at 780, 801.  The Louisiana Supreme Court denied writs.  *Id*., 2018-1817, 268 So.3d 1030 (La. 4/29/18) and 2018-1836, 268 So.3d 1032.

On remand, the trial court held a hearing and resentenced Defendant on June 4, 2019.[1]  Pursuant to this Court's order, the trial court deleted the parole restrictions on Defendant's sentences for the armed robberies in Counts 4, 9, and 16, and designated him eligible for parole on those counts in accordance with the law.  The trial court, again, ordered the sentences to run consecutively.  Subsequently, the trial court denied Defendant's motion to reconsider sentence.  This appeal followed.

**ERRORS PATENT**

A review of the record reveals no errors patent.

---

[1] Notably, neither this Court, nor the trial court, vacated the original sentences in the three armed robbery convictions before resentencing Defendant.  While it is apparent from the transcript that the trial court intended to vacate the original sentences, out of an abundance of caution, we vacate the original sentences in Counts 4, 9, and 16.  *See State v. Meneses*, 1998-0699, p. 2 (La. App. 1 Cir. 2/23/99), 731 So.2d 375, 376 n.1 (citing *State v. Thomas*, 1995-2348, pp. 6-7 (La. App. 1 Cir.12/20/96), 686 So.2d 145, 149.

## DISCUSSION

In this second appeal, Defendant raises three assignments of error: 1) the trial court erred in denying the motion to reconsider sentence; 2) the consecutive sentences were illegally excessive; and 3) the trial court erred in failing to find La. C.Cr.P. art. 878.1 unconstitutional.

In his first two assignments of error, Defendant asserts that his consecutive sentences were cruel, excessive and unconstitutional. As such, he challenges the denial of his motion to reconsider sentence.

These claims were previously argued and addressed in Defendant's first appeal to this Court. In the first appeal, Defendant raised the consecutive nature of his sentence and the denial of the motion to reconsider sentence making the same arguments as he makes in this appeal. As such, this Court reviewed Defendant's sentences for constitutional excessiveness and found his sentences were neither cruel, unusual nor excessive. *Carter*, 2018-0072, p. 35, 257 So.3d 776, 799. In relation to the consecutive sentences, this Court specifically referenced Louisiana Supreme Court jurisprudence, which concluded that consecutive sentences for multiple offenses that result in a juvenile life sentence are not precluded. *Carter*, 2018-0072, pp. 34-35, 257 So.3d 776, 799 (citing *State v. Brown*, 2012-0872, p. 15 (La. 5/7/13), 118 So.3d 332, 342). In accordance with the jurisprudence, this Court did not find Defendant's consecutive sentences to be improper. *Carter*, 2018-0072, p. 35, 257 So.3d at 799.

In the sentencing presently before us, the trial judge complied with this Court's order to resentence Defendant and delete the parole restrictions on Counts 4, 9, and 16. To the extent Defendant is rearguing his initial sentencing, we have addressed and answered these arguments in the prior appeal, finding them to be without merit.

Under the law-of-the-case doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case. *Pitre v. Louisiana Tech University*, 95-1466, p. 7 (La.5/10/96), 673 So.2d 585, 589. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the ruling was patently erroneous and produced unjust results. *Duncan v. Bartholomew*, 2011-0855, p. 18 (La. App. 4 Cir. 3/14/12), 88 So.3d 698, 712; *State v. Morgan*, 2010-416, p. 5 (La. App. 5th Cir. 3/29/11), 63 So.3d 261, 266.

In the present case, there is no new evidence to show that this Court's prior disposition was patently erroneous and produced unjust results. Accordingly, we decline to reconsider our prior rulings on the same issues in this case.

Next, Defendant argues that the trial court erred in failing to find La. C.Cr.P. art. 878.1[2] unconstitutional. The record indicates that prior to trial on March 15, 2016, Defendant filed a motion to declare La. C.Cr.P. art. 878.1 unconstitutional. The trial court denied that motion on March 16, 2016. Defendant did not raise this issue on direct appeal.

_____

[2] La. C.Cr.P. art. 878.1 provides the procedure for a hearing to determine parole eligibility for certain juvenile offenders.

4

Any issues not raised in Defendant's original appeal, which could have been raised, are considered waived. *State v. Freeman*, 565 So.2d 1084, 1085 (La. App. 4 Cir. 1990) (defendant appealing after remand waived issue not raised in original appeal or related to remand order); *see also State v. Brown*, 2019-370 (La. App. 5 Cir. 1/15/20), 289 So.3d 1179, 1188, *writ denied*, 2020-00276 (La. 6/22/20), 297 So.3d 721, and *cert. denied*, 20-5610, 2021 WL 666514 (U.S. Feb. 22, 2021). Consequently, the issue is not properly before this Court.

## CONCLUSION

For these reasons, the appellant's sentence at his resentencing hearing is affirmed.

**AFFIRMED**