917 So.2d 488 (2005)
STATE of Louisiana
v.
Jonathan WASHINGTON.
No. 05-KA-210.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 2005.
*489 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Desirée M. Valenti, Donald A. Rowan, Jr., Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On March 10, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jonathan Washington, with first degree robbery. LSA-R.S. 14:64.1. Defendant was arraigned on March 11, 2003, and pled not guilty.
On May 14, 2003, defendant filed a Motion to Appoint Sanity Commission to Determine Competency to Stand Trial. The trial court granted the motion and appointed a sanity commission. On July 9, 2003, the parties stipulated to the joint report of Drs. Salcedo and Richoux and the court found defendant was not competent to stand trial.
The State filed a Motion for Competency Hearing and for Resumption of Proceedings, which the trial court granted on December 8, 2003. On March 30, 2004, the attorneys stipulated to a report in which Drs. Salcedo and Richoux stated that defendant was now competent to proceed. Based on the doctors' recommendations and the stipulation of counsel, the court found defendant competent to stand trial.
Defendant was tried by a twelve person jury on May 13, 2004. The jury returned a verdict of guilty as charged. On May 19, 2004, the trial court sentenced defendant to eighteen years at hard labor. Defendant filed a motion for appeal on May 19, 2004, and the trial court granted the motion that day.
On June 11, 2004, defendant filed a timely Motion to Reconsider Sentence, in proper person, arguing that his sentence of eighteen years is excessive for a first offender even though it is within the statutory sentencing range. Defendant argued there was no proof that he had a weapon, only testimony that he implied he had a *490 weapon. He further argued that he had no prior convictions, a history of mild mental retardation and severe depression, and the victim was not physically harmed or even touched. In addition, he argued he did not resist when apprehended and even cooperated with police giving a statement acknowledging his identity and implicating himself in a crime, although claiming it was only a theft rather than a robbery. Based on these factors, the defendant argued his sentence of eighteen years is excessive.
Defendant's attorney also filed a timely Motion to Reconsider Sentence on June 16, 2004, raising some of the same arguments defendant raised in his pro se motion. Defense counsel argued defendant's sentence was excessive because he was a twenty-two year old man with no prior felony convictions, the use of a weapon was only implied, no one was physically harmed, and the only property taken from the victim was liquor and cigarettes.
The trial court denied defense counsel's motion, in writing, on June 17, 2004. A hand written note on the order attached to the defense counsel motion indicated that the trial court denied the motion because the grounds alleged in the motion were raised at trial and at sentencing and were taken into consideration by the court. The record does not indicate that the trial court made a separate ruling on defendant's pro se motion.

DISCUSSION
On appeal, defendant, through his appellate counsel, argues one assignment of error, that his sentence is excessive. He argues that the trial judge improperly based his sentence solely upon defendant's earlier claim of incompetence, which, defendant contends, the judge mischaracterized as a sham.
We note that the record does not indicate a separate ruling by the trial court on the defendant's pro se motion to reconsider sentence. However, as discussed above, the defendant's pro se motion and the motion filed by his defense counsel addressed the same issues and contained the same arguments concerning his excessive sentence claim. Therefore, we will address defendant's assignment of error on appeal, considering the trial court action to be a denial of both motions. For the reasons which follow, we affirm defendant's sentence of eighteen years at hard labor, finding that the sentence imposed by the trial court is not excessive.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677 (citing State v. Dorthey, 623 So.2d 1276 (La.1993)). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992).
Three factors to be considered in reviewing a sentence for excessiveness are: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes by the same court and other courts. State v. Tracy, 02-0227, p. 21 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213. The trial judge has wide discretion in imposing sentences within the statutory limits, and a sentence will not be set aside if it is supported by the record. State v. Taylor, 02-1063, p. 11 (La.App. 5 Cir. 2/25/03), 841 *491 So.2d 894, 900, writ denied, 03-0949 (La.11/7/03), 857 So.2d 516.
Defendant was convicted of first degree robbery pursuant to LSA-R.S. 14:64.1. LSA-R.S. 14:64.1 B provides that "[w]hoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence." The sentence of eighteen years imposed by the trial court is well within the statutory range of three to forty years. The issues of the defendant's lack of previous convictions, his mental condition, and the circumstances surrounding the crime were raised at trial and at sentencing. The trial court noted in its written denial of the motion to reconsider sentence, that those issues had been raised at trial and sentencing and were taken into consideration by the court.
We find the trial court acted within its broad discretion in imposing an eighteen year sentence. Therefore, defendant's sentence is affirmed.
AFFIRMED.