945 So.2d 217 (2006)
STATE of Louisiana, Appellee
v.
Cameron C. CHRISTAW, Appellant.
No. 41,641-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*218 Paula Corley Marx, Louisiana Appellate Project, Mary L. Harried, Assistant Indigent Defender, for Appellant.
Paul J. Carmouche, District Attorney, Lea R. Hall, Jr., Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, J.
The defendant, Cameron C. Christaw, pled guilty to armed robbery and was sentenced to 30 years at hard labor without benefit of parole, probation or suspension of sentence. He appeals, asserting that the sentence is excessive. We affirm.

FACTS
On November 30, 2004, the 17-year-old defendant participated in the robbery of a Johnny's Pizza restaurant in Caddo Parish. The defendant and another man entered the restaurant; the defendant was armed with a handgun and demanded money from an employee. The restaurant employees were ordered to lie down on the floor. A sergeant with the LSU Medical Center police witnessed the robbery. As the robbers exited the restaurant, the uniformed officer ordered them to stop. The defendant discharged his gun at the officer. The sergeant then fired once, hitting the defendant in the leg. The robbers fled.
The defendant later sought treatment of his gunshot wound at LSU Medical Center. When questioned by the police, the defendant admitted his role in the robbery.
The defendant was initially charged with armed robbery with a firearm, in violation of La. R.S. 14:64 and 14:64.3. Pursuant to a plea bargain, he pled guilty to one count of armed robbery, without the use of a firearm enhancement provided in La. R.S. 14:64.3. Another unrelated count of armed robbery was dismissed. Prior to sentencing, the defendant attempted to withdraw his guilty plea; the motion to set aside the guilty plea was denied. The trial court sentenced the defendant to 30 years at hard labor without benefit of parole, probation or suspension of sentence.
The defendant filed a motion to reconsider sentence. He argued that the trial court failed to consider mitigating factors such as his age and his lack of prior adult felony convictions. He also maintained that the trial court should consider that he recanted his false accusation implicating someone else, that he pled guilty, and that his codefendant was sentenced to only 14 years at hard labor. The motion was denied.
The defendant appealed.

LAW
Armed robbery is punishable by imprisonment at hard labor for not less than 10 years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance *219 with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, supra; State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982); State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied, XXXX-XXXX (La.11/6/98), 727 So.2d 444.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.

DISCUSSION
At the sentencing hearing, the defendant presented the testimony of his mother who asked for leniency for her son. She asserted that he was a "good child" who "just hung out with the wrong crowds." The defense also submitted letters from his mother and his aunt on his behalf.
The trial court stated that its original inclination was to impose a sentence of 40 years; however, in view of a codefendant's 14-year sentence, the court chose to lower the defendant's sentence to 30 years. The court noted that the presentence investigation (PSI) report was "one-sided" with nothing in the defendant's favor. The defendant had a significant juvenile record. A high school dropout, he had no job skills. He initially attempted to blame his role in the instant crime on a relative. He endangered the lives of the restaurant employees when he robbed them at gunpoint. He fired his gun at a law enforcement officer. There was a significant economic loss to the restaurant. As mitigating factors in the defendant's favor, the court considered the defendant's age and the fact that he pled guilty instead of going to trial. The court observed the great benefit the defendant received from his plea bargain which removed the firearm enhancement for the instant offense and dismissed another armed robbery charge.
The trial court adequately considered the mitigating and aggravating factors in this case. A review of the sentencing transcript shows that the court gave due *220 consideration to each of the factors enumerated by the defendant in his motion to reconsiderage, guilty plea, criminal history, initial accusations against another, and codefendant's sentence. The trial court thoroughly articulated the basis for the sentence imposed upon this defendant. Furthermore, the sentence does not shock our sense of justice. The defendant participated in an armed robbery in which he took more than $3,000 in cash and forced restaurant employees to the floor at gunpoint. When a uniformed officer ordered him to stop, he fired his weapon at the officer. He originally tried to implicate his own cousin to the police to make himself appear less culpable. These acts demonstrate the defendant's complete disregard for the safety and lives of others. The plea bargain not only reduced the defendant's exposure on the current offense by removing the use of a firearm enhancement under La. R.S. 14:64.3, but it also dismissed another charge arising from the armed robbery of another restaurant. The sentence of 30 years at hard labor without benefits was tailored to this defendant.
This assignment of error lacks merit.

ERROR PATENT
The trial court failed to advise the defendant at sentencing that he has two years from the time his conviction and sentence are final to seek post-conviction relief as required by La. C. Cr. P. art. 930.8. Although the trial court did inform the defendant at the time his guilty plea was accepted, La. C. Cr. P. art. 930.8 requires the trial court to inform the defendant of this information at sentencing. The statute contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for resentencing. State v. Ferrell, 26,649 (La. App.2d Cir.12/07/94), 647 So.2d 427. We now advise the defendant by this opinion that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.