945 So.2d 239 (2006)
STATE of Louisiana, Appellee,
v.
Jared Jermaine GIPSON, Appellant.
No. 41,549-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*240 Louisiana Appellate Project by Peggy J. Sullivan, Indigent Defender Board by Mary L. Harried, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brady D. O'Callaghan, Assistant District Attorneys, for Appellee.
Before STEWART, DREW and SEXTON (Pro Tempore), JJ.
STEWART, J.
Jared Jermaine Gipson seeks review of his sentence for Armed Robbery with a Firearm, a violation of La. R.S. 14:64 and La. R.S. 14:64.3. The court imposed a sentence of 20 years at hard labor without benefit of probation parole or suspension of sentence in addition to a consecutive 5 years at hard labor without benefits under the enhancement statute, La. R.S. 14:64.3. A timely motion for reconsideration of sentence was denied. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
On June 14, 2005, the defendant entered Blalock's Professional Beauty College with his face covered, wearing a red hooded shirt. The defendant brandished a gun and told everyone to get on the ground. He then pulled out a garbage bag and then ordered one of the college's instructors to assist him in collecting purses. After the first instructor refused to assist him, another instructor was chosen to place items in the bag. This instructor gathered a few purses and then placed any other items she could find in the bag before the defendant realized what she was doing and took the bag.
At some point, the defendant took $15.00 from a student instructor then ordered him to the back of the building. As the defendant attempted to make his getaway with the bag containing the purses and other items, he was tripped by a college employee. The defendant fell into a wall and was forced to the ground by the student instructor. The student instructor took the gun, and the defendant yelled that the gun was not loaded. Once the defendant was on the ground, many of the students and employees beat him with several items including curling irons, hair dryers, pieces of board, and a chair leg. During the melee the defendant fought to escape the college and in doing so he pushed and hit those who attempted to detain him. The defendant took several swings at one of the students, who was *241 pushed into a wall and suffered a fractured tailbone during the struggle.
Once police arrived, the defendant was pulled from the crowd and handcuffed. The defendant required medical treatment for his injuries and was transported to a hospital. When interviewed in the hospital, the defendant told a detective that a couple of girls told him the school would "be an easy lick," referring to an easy robbery. The defendant reported he had obtained a gun from somewhere near the school and went in to rob the school, but the situation turned bad really fast.
After a bench trial, the defendant was found guilty of armed robbery with a firearm. The defendant was sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence for the armed robbery and a consecutive 5 years without benefit of probation, parole, or suspension of sentence for the firearm enhancement. A multiple offender bill filed by the state was dismissed after the victims expressed their concern that the sentence the defendant could possibly receive would be excessive.

DISCUSSION
Excessive Sentence
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
In this case, the trial court considered the defendant's previous conviction for simple robbery and the fact that the defendant's probation for that offense had been revoked because of positive drug screens. The defendant also received a misdemeanor theft conviction while on probation. The trial court noted it considered the fact that the instant crime was a very violent, brazen felony offense committed against numerous young ladies. The court stated that the fact that the gun was not loaded was of no consequence in this matter.
The trial court also considered the defendant's family background, the defendant's upbringing in a church environment, and the individuals who had been role models in the defendant's life, and several letters written on behalf of the defendant. The court was cognizant of the defendant's remorse, his drug addiction, and the victims' viewpoint and/or recommendations for sentencing.

CONCLUSION
On this record, we do not find constitutional error. The sentence of less than half of the defendant's potential minimal exposure under a multiple offender bill is lawful and is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence.
The sentence is affirmed.
AFFIRMED.