961 So.2d 554 (2007)
STATE of Louisiana, Appellee
v.
Antonio McNEIL, Appellant.
No. 42,231-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*555 Paula Corley Marx, Louisiana Appellate Project, Lafayette, for Appellant.
Don Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
*556 Before GASKINS, DREW and MOORE, JJ.
GASKINS, J.
The defendant, Antonio McNeil, was originally charged with armed robbery. He was allowed to plead guilty to first degree robbery. The trial court sentenced him to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant appeals his sentence as excessive. We affirm.

FACTS
On January 22, 2006, the defendant, age 18, and a juvenile robbed the Double Eagle Casino in DeSoto Parish. The defendant disarmed a security guard at gunpoint and forced a clerk to give him more than $13,500 in cash. The two robbers fled in a vehicle driven by a third coconspirator, Lester Simton.
The defendant was arrested and charged with armed robbery. Pursuant to a plea bargain, he pled guilty to first degree robbery and agreed to testify against his codefendant. The trial court ordered a presentence investigation (PSI) report.
In November 2006, the defendant was sentenced to 20 years at hard labor without benefits. A timely motion to reconsider filed by defense counsel was denied, as was a subsequent pro se one filed by the defendant.

LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for the sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. The second inquiry involves a determination of whether the sentence imposed is too severe. This inquiry depends on the circumstances of the case and the background of the defendant. State v. McCall, 37,442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, XXXX-XXXX (La.12/17/04), 888 So.2d 858. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, supra.
A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Morgan, 40,976 (La.App.2d Cir.4/12/06), 926 So.2d 822.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Christaw, 41,641 (La.App.2d Cir.12/13/06), 945 So.2d 217. The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations *557 in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951 (La.1982); State v. Christaw, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, supra.

DISCUSSION
The defendant claims that the trial court erred in imposing an excessive sentence. He also asserts that the trial court failed to adequately articulate the basis for his sentence.
Contrary to the defendant's assertion, the trial court articulated sufficient reasons for the sentence imposed. The court found that there was an undue risk that during a probationary period the defendant would commit another crime. It characterized the instant offense as one of extreme violence and expressed concern over the defendant's "complete indifference" to the law. The court found a need for correctional treatment and stated that a lesser sentence would deprecate the seriousness of the offense, which threatened death or great bodily harm to more than one person. The court also noted that threats were employed in committing the crime and that a dangerous weapon was used. It acknowledged the significant financial loss involved in the robbery. (Of the approximately $13,500 stolen, more than $8,000 was never recovered.)
In mitigation, the court considered the defendant's lack of a prior criminal record. It also observed that the unmarried defendant had no children and was too young to have an employment record.
We note that the defendant benefitted significantly from his plea bargain. At gunpoint, he took a firearm from a security guard and cash from the casino clerk; therefore, he actually committed two armed robberies. He was originally charged with one count of armed robbery, the sentencing range for which is 10 to 99 years at hard labor without benefits. He was allowed to plead guilty to a reduced charge of first degree robbery, which has a sentencing range of between three and 40 years at hard labor without benefits. The sentence of 20 years imposed by the trial court is a midrange sentence for a reduced offense which does not adequately describe the defendant's conduct.
The defendant also complains that his codefendant, Lester Simton, received only a 10-year sentence. However, the defendant was the main participant in the robbery. He entered the casino armed with a handgun. The juvenile accomplice who accompanied him was unarmed. Upon entering the casino, the defendant disarmed the security guard. He pointed both guns at the guard and the clerk and took the security guard's gun with him when he fled. In contrast, Simton did not enter the casino during the robbery and drove the getaway car.
We find no abuse of the trial court's discretion in imposing a sentence of 20 years at hard labor without benefits upon this defendant.

ERROR PATENT
We note that at sentencing the trial court did not fully advise the defendant of the time period within which to apply for post-conviction relief under La. C. Cr. P. art. 930.8. The statute contains supplicatory language which does not bestow an enforceable right on an individual. Furthermore, this defect has no bearing on whether the sentence is excessive and, *558 thus, is not grounds to reverse the sentence or to remand the case for resentencing. State v. Coleman, 41,764 (La.App.2d Cir.1/24/07), 949 So.2d 570. We now advise the defendant by this opinion that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.