961 So.2d 551 (2007)
STATE of Louisiana, Appellee
v.
Lester SIMTON, Jr., Appellant.
No. 42,236-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*552 Louisiana Appellate Project by Mary Constance Hanes for Appellant.
Don M. Burkett, District Attorney, for Appellee.
Before CARAWAY, MOORE and LOLLEY, JJ.
LOLLEY, J.
Lester Simton, Jr. was charged with armed robbery (La. R.S. 14:64) and eventually pled guilty to the reduced charge of first degree robbery (La. R.S. 14:64.1). After reviewing a presentence investigation, the trial court imposed a ten year hard labor term, without benefit of parole, which Simton appeals. For the following reasons, we affirm the conviction and sentence.

FACTS
On January 22, 2006, Simton acted as the getaway driver during the robbery of the Double Eagle Casino in DeSoto Parish, Louisiana. Simton's accomplices to the crime, Antonio McNeil and a juvenile, entered the casino, disarmed the female security guard at the point of a .45 caliber semi-automatic pistol, took the security guard's gun (a .38 revolver), and robbed the casino. Although almost $14,000.00 was taken at gunpoint in the robbery of the clerk of the casino, Simton pled guilty only to the robbery of the security guard's gun. The trial court ordered that a presentence investigation ("PSI") be prepared. At the sentencing hearing, and after reviewing the PSI, the trial court sentenced Simton to ten years' hard labor, without benefits. After the trial court denied Simton's motion for reconsideration of sentence, this appeal ensued.

DISCUSSION
On appeal, Simton only raises one assignment of error, arguing that his ten-year sentence is excessive under the circumstances of the case. We disagree.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating *553 circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049, 1051-52 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, 753, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Bonanno, 384 So.2d 355, 358 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985). There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385. The trial court has broad discretion to sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive absent a showing of manifest abuse of discretion. State v. Hardy, 39,233 (La.App.2d Cir.01/26/05), 892 So.2d 710, 712-713.
After reviewing Simton's PSI, the trial court referred to the factors considered in imposing Simton's sentence. The trial court found that the factors of "the need for correctional treatment," and "undue risk" (of the commission of another crime during probation) were not as compelling as in some cases, but found compelling the factor that a lesser sentence would deprecate the seriousness of the offense committed. The trial court found that this offense was one which threatened death or great bodily harm to more than one person, there was significant economic loss, and a dangerous weapon was used. Finally, the trial court reiterated that the most significant factor was that any lesser sentence would deprecate the seriousness of the offense committed by Simtonhe was involved in an armed robbery. We further observe that the PSI notes that after the casino's security guard triggered an alert device, a car chase ensued into Caddo Parish involving numerous officers and endangering even more lives.
As mitigation, the trial court referred to Simton's social history. The trial court observed that Simton, age 40, was married with three children, and, though previously convicted of a felony, he had satisfactorily completed probation and did not have a significant history of criminal conduct. Additionally, the trial court noted that Simton, as the getaway driver, did not brandish a firearm during the robbery.
We also note that, although two armed robberies occurred (that of the guard and of the cashier), Simton was only charged with one of the robberies, which was ultimately reduced from armed robbery to first degree robbery. Under Simton's original charge of armed robbery, he faced a sentencing range of ten to ninety-nine *554 years of incarceration. Notably, the sentencing range for first degree robbery, the reduced offense to which he pled, is three years to forty years of incarceration, without benefit of parole, probation, or suspension of sentence. Thus, Simton's sentence is clearly in the lower end of the range of sentences for the reduced offense, from which reduction (and the election to not charge an additional armed robbery of the cashier) Simton benefitted substantially.
Here, the record reflects that the trial court adequately articulated sufficient reasons for the sentence imposed. Simton's sentence does not shock the conscience of this court, and it is not a needless imposition of pain and suffering. Simton participated in the commission of a number of very serious offenses, and the sentence imposed is commensurate with that offense. Thus, we conclude that his assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Lester Simton, Jr. is affirmed.
AFFIRMED.