NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 07-0386

STATE OF LOUISIANA

VERSUS

FREDERICK JAMES COLLETTE

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 05-2215
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.

AFFIRMED AS AMENDED.

Jeffrey J. Trosclair
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

Sherry Watters
Louisiana Appellate Project
Post Office Box 58769
New Orleans, LA 70158-8769
(504) 723-0284
COUNSEL FOR DEFENDANT/APPELLANT:
    Frederick James Collette

PETERS, J.

A jury convicted the defendant, Frederick James Collette, of five counts of armed robbery, violations of La.R.S. 14:64. After adjudicating him a second felony offender as to one of the five convictions, the trial court sentenced him to serve forty-nine and one-half years at hard labor on each count. In sentencing the defendant, the trial court ordered that the first two counts be served consecutively without benefit of probation and suspension of sentence, and that the remaining three counts be served concurrently to each other and to all other sentences. After the trial court denied his motion to reconsider his sentences, the defendant filed this appeal, asserting two assignments of error.

## FACTUAL BASIS

All of the charges arise from two robberies. On September 19, 2005, the defendant entered Community Financial Services in New Iberia, Louisiana, pointed a gun at an employee, and demanded money. Additionally, on November 2, 2005, he entered Regions Bank in New Iberia and, while armed with a gun, took money from several tellers.

## ERRORS PATENT ANALYSIS

In reviewing the record as required by La.Code Crim.P. art. 920, we find that errors exist in the sentencing process that require correction. Specifically, the trial court sentenced the defendant to serve forty-nine and one-half years at hard labor on each of the counts, but did not sentence the defendant to serve those prison terms without the benefit of parole, probation, or suspension of sentence. On the first two counts, the trial court ordered that the prison terms be served without benefit of probation or suspension of sentence on each count. On the remaining charges, the trial court was silent as to conditions imposed on the sentences.

Louisiana Revised Statute 14:64(B) provides that the sentence imposed under that statute be without benefit of *parole*, probation, or suspension of sentence. The confusion arises because La.R.S. 15:529.1(G) provides that any sentence imposed under the habitual offender law "be without benefit of probation or suspension of sentence." As to the first and second counts, the trial court apparently relied on this provision in failing to prohibit parole as a condition of the sentence. However, in *State v. Bruins,* 407 So.2d 685, 687 (La.1981), the supreme court concluded that a defendant's "sentence as an habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence." (*See also, State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/26/96), 666 So.2d 661, which was decided after Section G was added to La.R.S. 15:529.1).

While recognizing that La.R.S. 15:301.1(A) provides that the failure of the trial court:

> to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension or sentence

we also note that by omitting reference to parole with regard to the first two counts, the trial court impliedly informed the defendant that he would be eligible for parole. In such a case, this court is required to correct the sentence imposed rather than rely on the self-operating provisions of La.R.S. 15:301.1(A).

Therefore, we find that the habitual offender sentences imposed by the trial court were illegally lenient, and we hereby correct the defendant's sentence to reflect that his term of imprisonment shall be served without benefit of parole, probation, or

2

suspension of sentence as required by La.R.S. 14:64(B). *See State v. Thibodeaux,* 05-680 (La.App. 3 Cir. 12/30/05), 918 So.2d 1093.

Concerning the remaining three counts wherein the trial court failed to mention probation, parole, or suspension of sentence at all in sentencing the defendant, "this error need not be corrected on remand because under *State v. Williams*, 00-1725 (La.11/29/01), 800 So.2d 790, 799, and LSA-R.S. 15:301.1(A), the 'without benefits' provision is self-activating." *State v. King,* 05-553, p. 15 (La.App. 5 Cir. 1/31/06), 922 So.2d 1207, 1215, *writ denied*, 06-1084 (La. 11/9/06), 941 So.2d 36.

### ASSIGNMENTS OF ERROR ANALYSIS

The first assignment of error asserted by the defendant relates to the proceeding wherein he was adjudicated a second felony offender. The hearing began with the state informing the trial court that the defendant would acknowledge that he was the same person who had been convicted of the prior drug offense upon which the habitual offender proceeding was based, and that his plea in that proceeding was knowingly and voluntarily entered. The state then introduced a certified copy of the bill of information, the minute entry, and the *Boykin* colloquy in the defendant's prior plea.

Initially, the defendant's counsel acknowledged to the trial court that the defendant wished to admit that he was the same person previously convicted of the underlying offense, and that he was the same person who committed the armed robberies of which he was convicted. However, after the trial court began to *Boykinize* the defendant, and before the colloquy was complete, the defendant's counsel informed the trial court that the defendant did not understand what right to appeal he was giving up and that the defendant wanted a hearing. Rather than

3

continue with the *Boykinization* process, the trial court allowed the state to proceed with an evidentiary hearing.

The state called Allegra Jefferson, a state probation and parole officer, as a witness in the evidentiary hearing. Ms. Jefferson identified the defendant as the same person she had previously supervised after conviction of the underlying felony offense. According to Ms. Jefferson, the defendant had been convicted in December of 2002, and came under her supervision as a parolee in December of 2004. She further testified that, but for the current convictions, his parole supervision would have terminated in October of 2009. With this identity evidence before it, the trial court adjudicated the defendant as an habitual offender. Thereafter, the trial court sentenced the defendant as previously indicated.

In *State v. Shelton*, 621 So.2d 769, 779-80 (La.1993) (footnotes omitted), the supreme court discussed the burden of proof at habitual offender hearings as follows:

> If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights. We note that this new procedure will not only give appropriate significance to the presumption of regularity which attaches to judgments of conviction which have become final, but will also provide an advantage to defendants who

4

were previously under [*State v.*] *Lewis*[, 367 So.2d 1155 (La.1979)] unable to introduce any extra-record evidence and whose guilty pleas were heretofore under [*State v.*] *Tucker*[, 405 So.2d 506 (La.1981)] found constitutionally valid by mere proof of a minute entry and a guilty plea form.

In brief to this court, the defendant does not dispute that Ms. Jefferson's testimony satisfied the identity requirement, but asserts that the state failed to prove the prior conviction was knowingly and voluntarily entered into. The defendant bases this argument on the fact that, while the state introduced the necessary documentation at the beginning of the hearing at a time when there appeared to be a stipulation of everything necessary to effect the adjudication, it did not reintroduce the documentation after the trial court abandoned the *Boykinization* efforts and began taking evidence. However, in making this argument, the defendant does not assert that the documents, if properly in evidence, did not establish that the prior conviction was knowingly and voluntarily entered into.

We disagree with the defendant's classification of the proceedings as two separate hearings. The proceedings began as an adjudication proceeding and ended as an adjudication proceeding. The state introduced the documents as a part of the hearing and the fact that the attempted stipulation fell through during the adjudication hearing did not make them any less part of the record. Because the documents were properly in evidence and readily available to the trial court, and because the defendant does not assert that the content was insufficient, we find no merit in this assignment of error.

In his other assignment of error, the defendant asserts that the trial court erred in imposing an unconstitutionally excessive sentence, particularly as to counts three, four, and five.

In *State v. Cook*, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the supreme court held that when a defendant claims a sentence is excessive "[t]he only relevant question on review . . . [is] 'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.' *State v. Humphrey*, 445 So.2d 1155, 1165 (La.1984)."

*State v. Robinson*, 05-633, p. 8 (La.App. 3 Cir. 12/30/05), 918 So.2d 1151, 1156.

Specifically, the defendant asserts that the trial court failed to consider the sentencing factors found in La.Code Crim.P. art. 894.1, did not require a pre-sentence investigation report, and gave no reasons for sentencing.

In considering this assignment of error, we first note that after the trial court imposed the sentences in the five counts, the defendant's counsel orally moved for reconsideration of the sentences without setting forth any bases for reconsideration.

While La.Code Crim.P. art. 881.1(B) allows for an oral motion at the time of sentencing, the motion must still comply with La.Code Crim.P. art. 881.1(E) (emphasis added), which provides:

Failure to make or file a motion to reconsider sentence *or to include a specific ground* upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The failure to include any specific ground for reconsideration, including particularly the trial court's failure to comply with the provisions of La.Code Crim.P. art. 894.1, relegates this court to consideration of "a bare claim of excessiveness" when reviewing the first three assignments of error. [*State v.*] *Whatley*, [03-1275 (La.App. 3 Cir. 3/3/04),] 867 So.2d [955] at 958.

*State v. Whatley*, 06-316, p. 4 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, 604-05.

Thus, our review of the defendant's sentence is limited to a bare claim of excessiveness. In doing so, we first note that the defendant was convicted of four counts of armed robbery, with each count having an incarceration sentencing range

6

of ten to ninety-nine years at hard labor, with the sentences to be served without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:64(B). The trial court sentenced the defendant to serve forty-nine and one-half years on each count, with two sentences to run consecutive and three sentences to run concurrent.

Considering the sentences only from the aspect of a bare claim of excessiveness, we find that they are not excessive. *See State v. Vance*, 06-452 (La.App. 5 Cir. 11/28/06), 947 So.2d 105; *State v. Gipson*, 41,549 (La.App. 2 Cir. 12/13/06), 945 So.2d 239; *State v. Christaw*, 41,641 (La.App. 2 Cir. 12/13/06), 945 So.2d 217; *State v. Morris*, 40,322 (La.App. 2 Cir. 1/25/06), 920 So.2d 359; *State v. Robinson*, 05-633 (La.App. 3 Cir. 12/30/05), 918 So.2d 1151; *State v. Bowers*, 39,970 (La.App. 2 Cir. 8/19/05), 909 So.2d 1038; and *State v. Taylor*, 04-1389 (La.App. 5 Cir. 5/31/05), 905 So.2d 451, *writ denied*, 05-2203 (La. 5/26/06), 930 So.2d 12.

## DISPOSITION

We affirm the defendant's convictions in all respects. We correct the sentences imposed on counts one and two by amending those sentences to provide that both sentences are to be served without benefit of parole, probation, or suspension of sentence. We affirm the remaining three sentences subject to the self-activating provisions of La.R.S. 15:301.1(A).

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

7