NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 09-281

STATE OF LOUISIANA

VERSUS

JEREMY D. HOWARD

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-405-2008
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

David W. Burton
District Attorney - 36th JDC
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Plaintiff/Appellee:
State of Louisiana

Richard Alan Morton
Assistant District Attorney
P. O. Box 99
DeRidder, LA 70634-0099
(337) 463-5578
Counsel for Plaintiff/Appellee:
State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Jeremy D. Howard**

**GREMILLION, Judge.**

The Defendant, Jeremy D. Howard, was charged with simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2; theft having a value greater than $500, a violation of La.R.S. 14:67; two counts of simple criminal damage to property where the damage was greater than $500, a violation of La.R.S. 14:56; aggravated burglary of an inhabited dwelling, a violation of La.R.S. 14:60; armed robbery, a violation of La.R.S. 14:64; illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1; and illegal possession of stolen things having a value greater than $500, a violation of La.R.S. 14:69. Pursuant to a plea agreement, Defendant entered a plea of guilty to two counts of simple burglary of an inhabited dwelling and to first degree robbery. The remaining charges were dismissed.

Defendant was sentenced to serve eighty-four months (seven years) at hard labor for each count of simple burglary of an inhabited dwelling. One year of each sentence was ordered to be served without benefit of probation, parole, or suspension of sentence. Defendant was further sentenced to serve one hundred eighty months (fifteen years) at hard labor for first degree robbery, to be served without benefit of probation, parole, or suspension of sentence. All sentences were ordered to be served concurrently. Defendant contends his sentences are excessive.

At the sentencing hearing, the trial court made the following comments:

> You appear before this Court as a first felony offender. However, you do have misdemeanor convictions for drug offenses for which you were placed on probation and absconded. Your record does not support additional probation. As it appears to have been an ineffective tool in managing your criminal conduct.

> The guilty plea in this case has been entered voluntarily without agreement as to [the] sentence to be imposed. I have reviewed the record in this case, particularly the incident and investigative reports provided by the State to the Court in this matter, the victim's statement,

1

and the presentence investigation report provided by the Division of Probation and Parol dated November 15, 2008.

It cannot be ignored that the particular circumstances of this case were a serious threat to human life. Your attorney has suggested that you were no more culpable than your co-defendants. I disagree. It was you, not they, who possessed the firearm in this case. It was you, not they, that threatened the victim with the weapon to allow the three of you to escape when caught in the midst of burglary and theft.

Your actions in this case could have easily resulted in death or serious bodily harm to the victim. You have been given ample consideration by the State in the reduction of the charges for plea and the dismissal of several of the Counts on the Bill of Information.

There are pending warrants for your arrest from absconding from your prior conviction supervision. It's apparent that the admonitions of the Court at the time of your sentence and subsequent probation have had no impact on your behavior over the years. Therefore, prison time is clearly appropriate in this case.

I hope that this substantial amount of incarceration will finally impress upon you the necessity of modifying your behavior to comply with lawful norms. In imposing this sentence which is less than the maximum provided by law and available to the Court in this case, I have considered your willingness to admit your law violation.

However, your behavior in this case with it's [sic] threat to human life and your criminal history simply do not allow the Court to grant you more consideration than is given by this sentence.

Defendant pled guilty to two counts of simple burglary of an inhabited dwelling, which is punishable by imprisonment at hard labor for not less than one year, without benefit of probation, parole, or suspension of sentence, nor more than twelve years. La.R.S. 14:62.2. He was sentenced to seven years at hard labor on each count. On one count, he had originally been charged with aggravated burglary, which carries a sentence of not less than one nor more than thirty years at hard labor, and pled guilty to the responsive verdict as part of a plea agreement. La.R.S. 14:60.

Courts have held that sentences of nine years and eight years for simple burglary of an inhabited dwelling are not excessive. *See State v. Durham*, 43,558

(La.App. 2 Cir. 10/15/08), 996 So.2d 642; *State v. Alsup*, 42,636 (La.App. 2 Cir. 10/24/07), 968 So.2d 1152, *writ denied*, 07-2252 (La. 4/25/08), 978 So.2d 363.

Defendant also pled guilty to first degree robbery, which is punishable by imprisonment at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation, or suspension of imposition or execution of sentence. La.R.S. 14:64.1. However, he was initially charged with armed robbery, which carries a sentence of ten to ninety-nine years, and pled guilty to the responsive verdict as part of a plea agreement. La.R.S. 14:64. Defendant was sentenced to serve fifteen years.

Courts have held that sentences of ten years, eighteen years, and twenty years were not excessive for first degree robbery where the defendant was initially charged with armed robbery. *See State v. Simton*, 42,236 (La.App. 2 Cir. 6/20/07), 961 So.2d 551, *writ denied*, 07-1562 (La. 1/11/08), 972 So.2d 1164; *State v. McNeil*, 42,231 (La.App. 2 Cir. 6/20/07), 961 So.2d 554; *State v. Washington*, 05-210 (La.App. 5 Cir. 10/12/05), 917 So.2d 488.

Further, as part of the plea agreement, five felony charges, including theft of items having a value over $500, two counts of simple criminal damage to property in an amount greater than $500, illegal possession of a stolen firearm, and illegal possession of stolen property having a value greater than $500, were dismissed.

Based on the fact that Defendant benefitted greatly from the reduction of the armed robbery and aggravated burglary charges, the dismissal of five felony offenses, the trial court's order that all sentences run concurrently, and the cases cited herein, we find Defendant's sentences are not excessive. Accordingly, this assignment of error lacks merit and Defendant's sentences are affirmed.

3

**AFFIRMED.**